IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JEFFERY WALTERS**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**NICE-PAK PRODUCTS, INC.,**<br><br>Defendant. | Case No. 1:22-cv-1780<br><br>Judge<br><br><br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND INCLUDED HEREON** |

Plaintiff **JEFFERY WALTERS** ("Representative Plaintiff"), by and through counsel, for his Complaint against Defendant Nice-Pak Products, Inc. ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Representative Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)

because a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

5. Representative Plaintiff is a resident of Indiana who was employed by Defendant as a Machine Operator from 2018 through July 2022.

6. Defendant is a Foreign Corporation for Profit organized under the laws of the state of New York and maintaining a principal place of business in New York. Defendant can be served at its registered agent at the following address: Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

7. Defendant is in the business of manufacturing pre-moistened sanitary wipes. Defendant employed Representative Plaintiff at its Mooresville, Indiana manufacturing facility during all times relevant to this Complaint.

8. At all times relevant, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit 1.

**FACTUAL ALLEGATIONS**

13. As a machine operator, Representative Plaintiff was engaged in the manufacturing, packaging, and handing of sanitary wipes.

14. As a manufacturer of sanitary wipes, Defendant required Representative Plaintiff and others who were engaged in the manufacturing, packaging, and/or handling of sanitary wipes to conform to certain hygienic practices in connection with performing their job duties.

15. These hygienic practices include, but are not limited to, going to the washroom prior to the beginning of each shift, washing and sanitizing hands, putting on outer garments including protective hairnet, and beard net, as appropriate, and other protective equipment.

16. If Defendant did not require Representative Plaintiff and others engaged in the manufacturing, packaging, and/or handling of sanitary wipes to conform to these hygienic practices, it is possible, if not likely, that the sanitary wipes that Defendant manufactures and sells would be contaminated and unfit for use.

17. It would be impossible for Representative Plaintiff and similarly situated employees who were engaged in the manufacturing, packaging, and handling of sanitary wipes, to perform their work duties unless they followed the hygienic practices.

18. As a result, performing the hygienic practices is integral and indispensable to the work performed by Defendant's employees who are engaged in the manufacturing, packaging, and handling of sanitary wipes.

19. Consequently, the time spent performing the hygienic practices by Defendant's employees who are involved in the manufacturing, packaging, and/or handling of sanitary wipes is compensable work time within the meaning of the FLSA.

20. At all relevant times, Representative Plaintiff and other similarly situated

employees were routinely required to work in excess of 40 hours per workweek.

21. Completion of the hygienic practices, including the donning of sanitary clothing by Plaintiff and other similarly situated employees was those employees' first principal activity of the day.

22. Likewise, at the end of their work shift, Plaintiff and other similarly situated employees were required to remove, or doff, their sanitary clothing.

23. The doffing of sanitary clothing by Plaintiff and other similarly situated employees is those employees' last principal activity of the day.

24. Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and were paid an hourly wage.

25. Within the last three years, Defendant required Representative Plaintiff and other similarly situated employees to don sanitary clothing and other protective equipment and wash their hands while at Defendant's facility, but prior to the start of their scheduled shift. Plaintiff and other similarly situated employees were not paid for this time.  Nor were Plaintiff and other similarly situated employees paid for travel time to their respective workstations.

26. After the end of their scheduled shift, Plaintiff and other similarly situated employees were required to doff their sanitary clothing and other protective equipment. Plaintiff and other similarly situated employees were not paid for this time.

27. Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the three years preceding the filing of this action, including donning and doffing time and associated travel.

28. Plaintiff and other similarly situated employees were not paid for all of the time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or

for associated travel.

29. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek.

30. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

31. The amount of time Plaintiff and other similarly situated employees spent performing unpaid work was at approximately ten to fifteen minutes or more each day.

## COLLECTIVE ACTION ALLEGATIONS

32. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> All current and former hourly employees of Nice-Pak Products, Inc. who was engaged in the manufacturing, packaging, and/or handling of sanitary wipes and who were required to engage in hygienic practices prior to the beginning of each shift and to don and doff sanitary clothing prior to and at the end of each shift, and who worked 40 or more hours in any workweek at any time during the three years preceding the date of the filing of this Action through final disposition of this matter (the "FLSA Collective Members").

34. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to compensate its employees engaged in the manufacturing, packaging, or handling of sanitary wipes who were required to conduct hygienic practices prior to the beginning of each shift, and who were required to don and doff sanitary clothing prior to and following the end of each shift. All such employees have the same claims

against Defendant for unpaid overtime compensation as well as for liquidated damages, attorney's fees, and costs.

35. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

36. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## COUNT ONE
### (FLSA Overtime Violations)

37. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective Members who may join this case pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

39. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

40. As non-exempt employees, Representative Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

41. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

42. At all relevant times, Defendant knew that it was required to pay Representative

Plaintiff and the FLSA Collective Members overtime compensation.

43. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

44. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## **PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the FLSA Collective Members;

C. Award compensatory damages to Representative Plaintiff and the FLSA Collective Members in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

D. Award Representative Plaintiff and the FLSA Collective Members pre-judgment and post-judgment interest at the statutory rate; and

  E. Award Representative Plaintiff their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

            Respectfully Submitted,

            **NILGES DRAHER LLC**

            */s/ Christopher J. Lalak*
            Christopher J. Lalak (OH Bar #0090079)
            1360 East 9th Street, Ste. 808
            Cleveland, OH 44114
            Telephone: (216) 230-2944
            Facsimile: (330) 754-1430
            Email: clalak@ohlaborlaw.com

            Shannon M. Draher (OH Bar #0074304)
            7034 Braucher St., N.W., Suite B
            North Canton, OH 44720
            Telephone: 330-470-4428
            Facsimile: 330-754-1430
            Email: sdraher@ohlaborlaw.com

            *Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

            */s/ Christopher Lalak*
            Christopher Lalak

            *Counsel for Representative Plaintiff*